**Samuel RONQUILLE**

v.

**MMR OFFSHORE SERVICES, INC. et al.**

**No. CIV.A. 03–2498.**

United States District Court, E.D. Louisiana.

June 2, 2004.

Ronna Marie Steele, Law Office of Ronna M. Steele, Gretna, LA, for Samuel Ronquille, plaintiff.

Bertrand M. Cass, Jr., Deutsch, Kerrigan & Stiles, Arthur Anthony Crais, Jr.,

---

Shell Oil Co., New Orleans, LA, for Grand Isle Shipyard, Inc., Shell Exploration & Production Company, defendants.

Rodi F. Rispone, MMR Group, Inc., Baton Rouge, LA, for MMR Offshore Services, Inc., intervenor.

### ORDER AND REASON

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that Shell Exploration and Production Company's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **GRANTED.** (Document # 40.)

### I. BACKGROUND

On July 31, 2002, Samuel Ronquille sustained injuries while reeling a cable on a spool aboard a platform owned by Shell Exploration and Production Company (Shell). Ronquille's employer, MMR Offshore Services, Inc. (MMR), contracted with Grand Isle Shipyard, Inc. (Grand Isle) to build and install a "Safe Welding System"[1] aboard Shell's tension leg platform, pursuant to a contract between Shell and Grand Isle. James Craig, Grand Isle's project manager,[2] supervised and directed the construction of the welding system and its installation aboard the platform.

Ronquille filed a petition for damages in the Twenty–Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, alleging negligence against MMR, Grand Isle, and Shell. Subsequently, Ronquille dismissed the complaint against MMR without prejudice, and MMR intervened

seeking reimbursement of workers' compensation benefits and medical expenses paid to Ronquille in the event of a recovery from the other defendants. The defendants removed the case to federal court, asserting federal jurisdiction under the Outer Continental Shelf Lands Act (OCSLA).[3] Shell filed a motion for summary judgment.

### II. DISCUSSION

#### A. Summary judgment standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

#### B. The existence of a duty

Shell argues that Ronquille is unable to establish that Shell owed him a legal duty or that such a duty was breached. Shell contends that Grand Isle was hired as an independent contractor and that Shell exercised no control over Grand Isle and its subcontractor, except in the results to be obtained.

1. The welding system monitors atmospheric conditions and shuts down arcing and sparking devices if there is an emergency.

2. Craig and Grand Isle are co-owners of the patent on the welding system.

3. Shell's tension leg platform is permanently embedded in the subsoil and seabed off of the coast of Louisiana. It has been located in the

Mississippi Canyon area, Block 809 on the Outer Continental Shelf, approximately 140 miles southeast of New Orleans, since 1999. The Shell tension leg platform has no system of self-propulsion, no lateral mooring system, and no raked bow, and is not intended to be towed or moved from place to place. Affidavit of Roger D. Ramsey (attached to Petition for Removal).

"In Louisiana,[4] the existence of a duty is a question of law, and similarly, the question whether a particular risk of harm is included within the scope of a particular duty is a legal issue to be resolved by the court." *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1205 (5th Cir.1992). Under Louisiana law, a principal who exercises no operational control has no duty to ensure that the independent contractor performs its contractual duties in a reasonably safe manner. *See Hawkins v. Evans Cooperage Co., Inc.*, 766 F.2d 904, 908 (5th Cir. 1985). There are two exceptions to the general rule, neither of which applies in this case: injuries resulting from ultrahazardous activity ("drilling operations are not ultrahazardous") and when the principal retains operational control over the independent contractor. *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549–50 (5th Cir.1987).

Grand Isle entered a two-year contract with Shell to perform work on the platform between October 2000 and October 2002. Under the contract, Grand Isle was deemed to be an independent contractor and would arrange and enter into all subcontracts. Shell Exh. A, § 23.0. Ronquille performed work on the platform installing the safe welding system pursuant to a contract between Grand Isle and MMR.

According to Ronquille, his injury occurred when the safe welding system was moved from one location on the platform to another. The canon plugs were disconnected, and 150 feet of cable had to be pulled up using the snatch block or pulley and rolled onto a cable spool. Craig supervised the operation without assistance from Shell personnel and assigned positions to Eastman and Ronquille. Craig lifted the cables, Eastman pulled the cable through the pulley, and Ronquille rolled the cable onto the spool. Ronquille contends that he was injured while spooling up the cables because more men were needed to perform the operation. Ronquille alleges that he told Eastman and Craig that he needed more help, but that none was given.

There are no allegations that Shell personnel either instructed Grand Isle about how the work was to be performed or supervised the installation. Although Ronquille states that he requested help from his supervisors, there is no allegation that Shell personnel knew that extra help was needed or exercised any control over the cable operation. The mere presence of a Shell representative on the platform is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede. *See Ainsworth*, 829 F.2d at 551.

Accordingly, there are no genuine issues of material fact, and Shell is entitled to judgment as a matter of law.

---

**4.** The OCSLA, 43 U.S.C. § 1331 *et seq.* provides choice-of-law rules to activity occurring beyond the territorial waters on the outer continental shelf of the United States. *See Demette v. Falcon Drilling Company, Inc.*, 280 F.3d 492, 495 (5th Cir.2002). Section 1333(a)(2) provides:

To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws ... the civil and criminal laws of each adjacent State ... are hereby declared to be the law of the United States [on outer continental shelf situses].